**RIPPEY et al. v. BAILEY.**

No. 17870. Opinion Filed March 6, 1928.

(Syllabus.)

**1. Sales—Breach of Contract to Buy—Measure of Damages.**

The proper measure of damages for the breach of a contract for the sale of personal property is the difference between the contract price and the market price at the time delivery should have been made under the contract.

**2. Appeal and Error—Error not Presumed but to Be Pointed Out.**

Error is never presumed against the trial court, but must be pointed out and made to appear by the party complaining, and, where error is alleged and the argument in the brief is indefinite and obscure, and the error does not appear on the face of the record, this court will not indulge in a presumption against the record.

**3. Same—Questions of Fact—Conclusiveness of Verdict.**

In a law action, where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed, where there is evidence in the record which reasonably tends to support the verdict of the jury.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by W. A. Bailey against H. O. Rippey et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Goode & Dierker, for plaintiffs in error.

Saunders & Emerick, for defendant in error.

MASON, V. C. J. The defendant in error was plaintiff and the plaintiffs in error were defendants in the trial court, and, for convenience, they will be designated as such herein.

Plaintiff commenced this action for the breach of a written contract whereby the defendants purchased 54 head of cattle from the plaintiff at an agreed price of 5½ cents per pound; one-half of said cattle were to to be delivered in 60 days and the remainder in 90 days, during which time the plaintiff was to feed said cattle "to the best of his

ability, or on full feed." Plaintiff alleged that the defendants paid him $100 on said contract; that he complied with the terms of said contract and tendered said cattle to defendants at said times; that the defendants accepted six head of said cattle, but refused to take the other 48 head; that plaintiff was forced to sell the remainder on the open market; that the first half weighed 24,560 lbs. and were sold for 4 cents per pound, causing a loss to plaintiff of $368.40; that the last half weighed 16,400 lbs. and were sold for 3¼ cents per lb., causing a loss to plaintiff of $369, or a total loss of $737.40, for which the plaintiff prayed judgment.

The defendants admitted the execution of the contract, and alleged that they refused to accept said cattle when tendered by the plaintiff for the reason that the plaintiff had failed to comply with the contract relative to feeding said cattle. Defendants filed cross-petition asking for the return of the $100 paid on the contract and for damages in the sum of $304.80, incurred in purchasing other cattle of the same kind and character at the prevailing market price, which defendants alleged was greater than the contract price.

The parties introduced evidence to support the allegations of their respective pleadings. The jury returned a verdict in favor of the plaintiff for $596.45, upon which the court rendered judgment, and from which the defendants appeal.

For reversal, it is first urged that the trial court erred in permitting the plaintiff to testify as to the price for which he sold said cattle after acceptance had been refused by the defendants. The proper measure of damages for the breach of a contract for the sale of personal property is the difference between the contract price and the market price at the time delivery should have been made under the contract. Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209.

The evidence complained of, therefore, would not be sufficient to establish the amount of damages to which the plaintiff was entitled, but other evidence was introduced which discloses that said cattle were sold for the reasonable market value at the time and place the delivery should have been made. The court, in its instructions to the jury, defined the proper measure of damages. Therefore, the contention made by plaintiff in error is without merit.

The record discloses that after the introduction of all the evidence the parties agreed that the court might prepare and submit to the jury a statement showing the weight of said cattle at the time they were sold by the plaintiff, there being no dispute as to this issue. The record, however, discloses that defendants objected to the selling prices being shown on said statement. It also appears that some time after the jury returned its verdict said statement was found in the jury room and the figures 3¼ and 4 had been placed after various items of weight. The defendants, in support of their motion for new trial, contended that these figures represented the selling price per pound of said cattle and offered to establish, by the testimony of one of the jurors, that said figures were on the slip at the time he saw it in the jury room, and contended then and still contend in their brief that such figures "must have been placed thereon by some one before said slip was given to the jury." The court sustained an objection to such testimony and this action is assigned as error. We entertain considerable doubt as to whether this evidence was admissible, but, assuming it was, it certainly would not be sufficient to support the contention of counsel that said figures were placed thereon before the statement was delivered to the jury. These figures may have been, and probably were, written on the statement by some of the jurors while they were considering the case in the jury room. At least, there is no evidence that said figures were placed thereon before it was submitted to the jury, and the defendants had the burden of establishing such fact. There was no dispute as to the total weight of said cattle, and said statement was prepared and submitted to the jury by agreement of counsel. We must presume that it was submitted to the jury without change or alteration.

Error is never presumed against the trial court, but must be pointed out and made to appear by the party complaining, and where error is alleged and the argument in the brief is indefinite and obscure and the error does not appear on the face of the record, this court will not indulge a presumption against the record. Curtin v. Moroney, 117 Okla. 276, 246 Pac. 232.

There was a sharp conflict in the evidence as to the issues joined by the pleadings, which were submitted to the jury under proper instructions, and the rule is too well settled to require the citation of authorities that judgment of the court based upon a verdict of a jury, in a law action, will not be disturbed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

The judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 35 Cyc. p. 633; 24 R. C. L. p. 72; 4 R. C. L. Supp. p. 1528. (2) 4 C. J. p. 732 §2662. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.